MARCH CIRCUIT, 1824.

CORAM EDWARDS, J.

MURRAY, Survivor, &c., *against* MUMFORD.

Where partnership is dissolved by consent, the partners still continue joint
tenants of the partnership property for the purpose of settling the co-part-
nership concerns, and, on the death of either, the survivor takes the whole
and may maintain *detinue* against the administrator of the deceased part-
ner.   So held *in banc* after a different ruling at *Nisi Prius.*

DETINUE, for divers ledgers, and books of account, be-
longing to the late mercantile firm of Murray & Mumford,
of which plaintiff was the surviving partner.

Plea, *non-detinet*, with notice of special matter, in which,
among other things, it was stated that the defendant would
give in evidence, in bar of the plaintiff's action, that the
said partnership was dissolved, by mutual consent, in the
year 1806, and the books claimed in this cause left, by like
consent, with Mumford, the deceased partner, of whose will
the defendant is one of the executors.

The plaintiff proved that, prior to the commencement of
this action, he demanded from the defendant the books of
the said firm, who refused to deliver them, alleging that he
was one of the executors of Mr. Mumford, and that the
said books were properly in their possession as executors,
and that he would not deliver them.

It was admitted that the partnership was dissolved, by mutual consent, in the year 1806 ; that Mr. Mumford died some years subsequent to such dissolution, and that the said books contained outstanding accounts of the said firm, which were still uncollected.

On this admission of facts, the plaintiff rested his case.

*Warner,* for the defendant, then moved a non-suit, and contended that the plaintiff, to maintain an action of *detinue,* was bound to show exclusive property in the chattel in himself. 8 Vin. Det. 23; Bulst. 203.

That, the co-partnership having been dissolved by mutual consent, the co-partners became tenants in common of the partnership property, and could neither maintain *detinue* nor trespass against each other.

*Sedgwick,* for the plaintiff, insisted that the title to all the choses in action vested in the plaintiff by survivorship, that an action could be maintained for them, in his name only, as surviving partner, and that he was, therefore, entitled to the custody of the books containing the evidences of such property. He cited, Wats. 209; 2 Dall. 68; 1 Mass. T. R. 104.

EDWARDS, J. This action might have been sustained if there had been a dissolution of the partnership by death; but here, the dissolution being by mutual consent, each partner became thereby equally entitled to the partnership property, and could not bring *detinue* for it against his co-partner. They were tenants in common, and, upon the

death of Mumford, his rights vested in his executors, who became tenants in common with the surviving partner.(1)

Plaintiff non-suited.

*Sedgwick*, for plaintiff.

*Warner* and *Buckley*, for defendant.

(1) This cause came before the supreme court, and a new trial was granted in October term, 1826, the court being of opinion that the dissolution did not *ipso facto* destroy the joint tenancy of the partners in the partnership property and create a tenancy in common. That they were still partners for the purpose of settling the partnership concerns, and that, on Mumford's death, the plaintiff, as surviving partner, was entitled to all the choses in action and other evidences of debt belonging to the concern, which could only be collected in his name, and that he was consequently entitled to the exclusive custody and control of the books of account, as incidents to the debts, or choses in action. 6 Cow. 441.